## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG

**CAREN JENKINS,**

     **Plaintiff,**

**v.**                                      **Civil Action No. 1:22-CV-3**
                                               **(JUDGE KLEEH)**

**STEPHEN UPTON, and**
**CRYSTAL UPTON,**

     **Defendants.**

### OMNIBUS REPORT AND RECOMMENDATION

On February 11, 2022, the Honorable United States District Judge Thomas S. Kleeh entered an Order, [ECF No. 10], referring this matter to the undersigned for the purposes of drafting written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise.

There are several motions presently pending before the Court: Defendant Stephen Upton's Motion to Proceed under Pseudonym and File Redacted Copies, [ECF No. 4], Defendant Stephen Upton's Motion to Vacate *Ex Parte* Temporary Injunction and Motion to Declare Full Faith and Credit, [ECF No. 5], Defendant Stephen Upton's Motion to File Orders of Adoption *Ex Parte* Under Seal, [ECF No. 6], Plaintiff Caren Jenkins' Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County, [ECF No. 12], Defendants' Joint Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike, [ECF No. 15], Plaintiff's Motion for Leave to File Out of Time, [ECF No. 16], and Defendants' Joint Response to ECF No. 16 and Motion to Strike, [ECF No. 17]. For judicial economy, the undersigned will put forth herein all proposed recommendations as to the disposition

1

of these motions.

For the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County, [ECF No. 12], be **GRANTED, in part**, and this action be **DISMISSED AS MOOT WITH PREJUDICE**. The undersigned further **RECOMMENDS** that the Motion be **DENIED, in part,** insofar as it moves this Court to "refer" this action to the U.S. Attorney's Office for prosecution.

In accordance with the proposed findings on the Motion to Dismiss, the undersigned also **RECOMMENDS** that all other motions, Defendant Stephen Upton's Motion to Proceed under Pseudonym and File Redacted Copies, [ECF No. 4], Defendant Stephen Upton's Motion to Vacate *Ex Parte* Temporary Injunction and Motion to Declare Full Faith and Credit, [ECF No. 5], Defendant Stephen Upton's Motion to File Orders of Adoption *Ex Parte* Under Seal, [ECF No. 6], Defendants' Joint Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike, [ECF No. 15], Plaintiff's Motion for Leave to File Out of Time, [ECF No. 16], and Defendants' Joint Response to ECF No. 16 and Motion to Strike, [ECF No. 17], be **DENIED as moot**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises from an ongoing custody dispute regarding the four minor children of mother[1] and Plaintiff, Caren Jenkins, father[2] and *pro se* Defendant Stephen Upton, and

---

[1] Court records reflect that Caren Jenkins carried in pregnancy, delivered, and cared for all four of her children since the time they were born. However, Jenkins is only genetically related to her oldest child. S.U. v. C.J., No. 18-0566, 2019 WL 5692550, at *1 (W. Va. Nov. 4, 2019). Stephen Upton, who was not designated as "a binary male or female at birth," provided the ova (eggs) for the other three children who were implanted as fertilized embryos and carried by Jenkins in pregnancy. Thus, it appears Upton is only genetically related to the youngest three children. Id.

stepparent and spouse to Stephen Upton, *pro se* Defendant Crystal Upton. The dispute has spanned numerous courts including, but not limited to,[3] prior and present actions in the U.S. District Court for the Northern District of West Virginia,[4] the U.S. District Court for the Southern District of West Virginia,[5] the Supreme Court of Appeals of West Virginia,[6] and the Superior Court of the District of Columbia, Family Court Operations Division, Domestic Relations Branch – Adoption ("D.C. Family Court").[7] For clarity, the undersigned will present only a limited factual and procedural background, as presented by the parties and to the extent possible, in chronological order with citations to the jurisdiction involved.

### S.U. & C.U. v. Jenkins, Nos. 2021 ADA 167, 168, 169, (D.C. Super. Ct. 2021).

On November 22, 2021, the District of Columbia, by the D.C. Family Court, issued a Final Decree of Adoption for the children of Stephen Upton to be adopted by Stephen Upton's spouse Crystal Upton. [ECF No. 1 at 1; ECF No. 12-1 at 4]. The Final Decree also authorized name changes for two of the children as requested by Stephen and Crystal Upton. [ECF 12-1 at 4].

---

[2] *See supra* note 1. The record does not reveal the identity of the sperm donor. S.U. v. C.J., No. 18-0566, 2019 WL 5692550, at *1 (W. Va. Nov. 4, 2019).

[3] Plaintiff alleges Defendants also filed actions in the Allegheny County, Pennsylvania Wills/Orphans' Court Division and the Westmoreland County and Pennsylvania Wills/Orphans' Court Division. The D.C. Family Court noted "exhibits also revealed litigation pursued in Pennsylvania by Mr. Upton, who sought to adopt the three minor children there, though Westmoreland County, Pennsylvania Court dismissed the case on October 8, 2021." [ECF No. 12-1 at 2]. Plaintiff alleges Defendants' intent in the filings in multiple jurisdictions is to "trick[ ] and defraud[ ] unsuspecting Courts into entering a ruling contrary to the [prior] rulings of the Family Court of Mason County and the Supreme Court of Appeals of West Virginia." [ECF No. 12 at 5].

[4] *See* Roe v. Jenkins, No. 1:20-CV-140, 2020 WL 9257057, at *1 (N.D.W. Va. Aug. 5, 2020) (Aloi, J.), *report and recommendation adopted*, No. 1:20-CV-140, 2021 WL 1026524 (N.D.W. Va. Mar. 17, 2021) (Kleeh, J.).

[5] *See* S. U. v. C. J., No. 3:17-CV-02366, 2017 WL 3616642, at *1 (S.D.W. Va. July 28, 2017) (Eifert, J.), *report and recommendation adopted*, No. CV 3:17-2366, 2017 WL 3612859 (S.D.W. Va. Aug. 22, 2017) (Chambers, J.).

[6] *See* S.U. v. C.J., No. 18-0566, 2019 WL 5692550, at *1 (W. Va. Nov. 4, 2019) (affirming the May 16, 2018 order of the Circuit Court of Mason County designating Jenkins as primary custodial parent).

[7] *See* ECF No. 12-1; S.U. & C.U. v. Jenkins, Nos. 2021 ADA 167, 168, 169, (D.C. Super. Ct. 2021).

Thereafter, on January 3, 2022, Caren Jenkins filed a motion to intervene in the adoption matter, "arguing that the Final Decrees of Adoption should not have been adjudicated without her consent because she had parental rights that had previously been adjudicated by the Family Court of Mason County, West Virginia in Civil Action No. 16-D-233." [ECF No. 12-1 at 5]. The D.C. Family Court granted Jenkins' Motion to Intervene and set the matter for a hearing on January 27, 2022. [Id.]

Based upon the January 27, 2022 hearing, the D.C. Family Court vacated all three final decrees of adoption and reinstated the minor children's names. [ECF No. 12-1 at 5]. A written order to this effect was entered by the D.C. Family Court which, *inter alia*, vacated the prior November 22, 2021 adoption decrees, reinstated all of Caren Jenkins' parental rights, and set a hearing for Tuesday, March 8, 2022 to address the matter of sanctions upon Stephen and Crystal Upton under Rule 11(c) of the District of Columbia Superior Court's Rules Governing Domestic Relations Proceedings. [ECF No. 12-1].

**Jenkins v. Upton et al, No. 1:22-CV-3 (N.D. W. Va. 2022).**

On or about December 22, 2021, Plaintiff Caren Jenkins filed a petition for *ex parte* relief and immediate hearing in the Circuit Court of Gilmer County, West Virginia, seeking emergency temporary relief and declaratory judgment ruling that the final decrees of adoption from the D.C. Family Court are "void due to fraud and/or [have] no authority within the State of West Virginia[.]" [ECF No. 1 at 1; ECF No. 1-1 at 4]. An *ex parte* hearing took place on December 22, 2021. [Id.] On January 3, 2022, the circuit court entered an Order Granting Temporary Injunction against Respondents Stephen Upton and Crystal Upton and setting the matter for further hearing on January 10, 2022. [ECF No. 1 at 1; ECF No 1-1 at 15].

On January 10, 2022, the action was removed by *pro se* Defendants Stephen Upton and

Crystal Upton from the Circuit Court of Gilmer County, West Virginia, to the U.S. District Court for the Northern District of West Virginia. [ECF No. 1]. The action was removed based upon federal question jurisdiction, 28 U.S.C. § 1331, because "this is a civil action that arises under the Constitution" in that Plaintiff Jenkins "requests that the final orders of adoption not be given full faith and credit" in violation of 28 U.S. Code § 1738 and because Defendant Stephen Upton "seeks redress pursuant to 42 U.S. Code § 1983 [as] he is being deprived numerous rights secured by the Constitution[.]" [ECF No. 1 at 2].

On the same date, Defendant Stephen Upton filed a Motion to Proceed Under Pseudonym and to File Redated Copies, [ECF No. 4], requesting that this Court use the Defendants' initial and redact their names from state action documents and further requested leave of the Court to file the adoption documents from the District of Columbia in this Court.

On January 14, 2022, Defendant Stephen Upton filed a Motion to Vacate *Ex Parte* Temporary Injunction and Motion to Declare Full Faith and Credit, [ECF No. 5], requesting that the *ex parte* temporary injunction from the state circuit court be vacated "and the final adoption orders of the District of Columbia be declared as entitled to full faith and credit through the United States." [ECF No. 5 at 4].

On the same day, Defendant Stephen Upton also filed a Motion to File Orders of Adoption *Ex Parte* Under Seal, [ECF No. 6], stating that "a valid order of adoption was entered . . . in the District of Columbia" and requesting "an order allowing the filing of the final orders of adoption under seal and *ex parte* such that Caren Jenkins is precluded from reviewing the sealed orders."

On February 11, 2022, Plaintiff Caren Jenkins, by and through counsel, Jeffrey M. Strange, filed a "Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County." [ECF No. 12]. Within the Combined Motion,

Plaintiff moves this Court to dismiss the instant action, arguing that the issue was rendered moot based upon actions taken in the Superior Court of the District of Columbia, Family Court, Domestic Relations Branch – Adoption ("D.C. Family Court"). Plaintiff included with the Motion, as sealed Exhibit 1, the most recent written order from the D.C. Family Court which, *inter alia*, vacated the prior November 22, 2021 adoption decrees, reinstated all of Caren Jenkins' parental rights, and set a hearing for Tuesday, March 8, 2022 to address the matter of sanctions upon Stephen and Crystal Upton under Rule 11(c) of the District of Columbia Superior Court's Rules Governing Domestic Relations Proceedings. [ECF No. 12-1].

Plaintiff alternatively moves this Court to remand the instant action back to the Circuit Court of Gilmer County, West Virginia. Plaintiff contends this Court lacks jurisdiction to hear the matter and offers that Defendants have made materially false representations which should not confer jurisdiction upon this Court. [ECF No. 12 at 2]. Plaintiff specifically argues that as held by the Supreme Court in In Re Burrus, 136 U.S. 586 (1890) and as recently held by this Court in a proceeding involving the same parties, Roe v. Jenkins, No. 1:20-CV-140, (August 5, 2020), *report and recommendation aff'd*, (N.D.W.Va. March 17, 2021), family court matters, particular purely custodial cases between private parties, are not cases for which federal district courts should intervene. Moreover, Plaintiff argues that the legal doctrines of *res judicata* and claim preclusion support dismissal and/or remand to the Circuit Court of Gilmer County, West Virginia.

Lastly, Plaintiff urges this Court to "refer this matter to the U.S. Attorney for the Northern District of West Virginia for investigation and criminal prosecution." [ECF No. 12 at 6]. Plaintiff alleges Defendant have made material representations to the D.C. Family Court and to this Court regarding their residence and the facts of this case, including the location of the three children at issue. Further, Plaintiff alleges that Defendants used "fraudulently obtained orders" from the D.C.

6

Family Court "to change the birth certificates of three children;" Plaintiff alleges each instance is a felony under West Virginia law.[8] [ECF No. 12 at 7 (referencing ECF No 12-8)].

On February 22, 2022, Defendants Stephen and Crystal Upton filed their "Joint Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike." [ECF No. 15]. Within their Response, Defendants "agree to dismiss the current action as moot because the underlying action has moved to the District of Columbia Court of Appeals." [Id.]. However, Defendants object to any motion for remand "because the matter has been rendered moot and because Gilmer County lacks jurisdiction over Defendants." [Id.]

Defendants also move the Court to enter an Order "striking all pages other than page 1 of Plaintiff's ECF No. 12 because ECF No. 12 contains significant immaterial and scandalous misrepresentations; is that of libel, and, is wholly inappropriate in pleadings before this Court." [Id.]. Defendants add to their Motion to Strike concerns about "attorney Jeff Strange's membership status and ability to make filings in this Court."[9] [Id.]

On March 4, 2022, Plaintiff Caren Jenkins filed a "Motion for Leave to File Out of Time," [ECF No. 16], requesting leave from the Court to file a Reply out of time to Defendants' "Joint

---

[8] Plaintiff's counsel does not cite to the section of the West Virginia Code he alleges the Defendants to have violated. The undersigned would note, however, that under W. VA. CODE § 61-5-27a et seq., it is unlawful "for a person to knowingly engage in a fraudulent official proceeding or legal process[,]" and "[i]t is unlawful for a person to knowingly cause a public official or employee to file, record or deliver a fraudulent . . . legal process, including those issued as the result of a fraudulent official proceeding." A first offense is misdemeanor with a maximum sentence of incarceration for not more than one year, or a fine of not more than $1,000, or both. W. VA. CODE § 61-5-27a(f). A second or subsequent offense is a felony with a penalty of "not less than one nor more than ten years" of incarceration, or a a fine of $2,000, or both. Id. W. VA. CODE § 61-5-27a(h) also provides for civil action by "any person harmed by the violation for injury or loss . . . as a result of the commission of the offense and for reasonable attorney's fees, court costs and other expenses incurred as a result of prosecuting the civil action commenced[.]"

7

Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike."

On March 7, 2022, Defendants filed a "Joint Response to ECF No. 16 and Motion to Strike," [ECF No 17], wherein Defendants move to strike Plaintiff's Motion for Leave, arguing that it contains libelous misrepresentations, and argues there is no justification for this Court to grant the motion to file out of time as Plaintiff has not set forth excusable neglect as set forth in Rule 6 of the Federal Rules of Civil Procedure.

Defendants further state that "[t]his Court no longer has subject-matter jurisdiction because a notice of appeal was filed in the District of Columbia Superior Court on February 14, 2022 (the matter giving rise to this action) that transferred jurisdiction to the District of Columbia Court of Appeals. This Court never did have personal jurisdiction over Defendants." [ECF No. 17]. Defendants conclude by requesting that "this Court deny and strike ECF No. 16 and dismiss this action." [Id.].

## II.     LEGAL ANALYSIS

### 1.     Plaintiff's Motion to Dismiss

In Plaintiff's Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County, [ECF No. 12], Plaintiff Caren Jenkins moves the Court to dismiss this action as moot, or in the alternative, refuse to accept the matter and remand the action back to the Circuit Court of Gilmer County, West Virginia.

Both Plaintiff and Defendants now agree that this action should be dismissed as moot. [*See* ECF No. 15 (Defendants "agree to dismiss the current action as moot because the underlying

---

[9] The undersigned would note that Jeffrey M. Strange, Esq. of Booth & Strange, or the Central Atlantic Legal Group, PLLC, is both a member of the West Virginia State Bar Association, West Virginia State Bar ID # 11351, and admitted to practice in this federal court. Members of the public can access and search the Membership Directory on the West Virginia State Bar Website. Membership Directory Search, WEST

action has moved to the District of Columbia Court of Appeals."); ECF No. 12 (Plaintiff believes that "D.C. Adoption Court's order vacating the Final Decree(s) of Adoption render[s] the instant matter moot[.]"].

Upon review, the undersigned likewise believes the instant matter is moot because the D.C. Family Court adoption decrees which Plaintiff sought relief from and which Plaintiff sought to be found void in this Court by declaratory judgment has since been vacated by the D.C. Family Court, [ECF No. 12-1], with further proceedings to be handled in the District of Columbia.

Further, the undersigned finds, consistent with previous Orders of this Court,[10] "[r]eason and precedent both dictate that in this, a purely custodial case between private parties, that the federal courts not intervene." Doe v. Doe, 660 F.2d 101, 106 (4th Cir. 1981). *See also* Wasserman v. Wasserman, 671 F.2d 832, 835 (4th Cir. 1982); Ex parte Burrus, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."). This is principally a case regarding a custody dispute among the parties, stemming from father and Defendant Stephen Upton's incessant filings in various jurisdictions in an attempt to circumvent the prior rulings of West Virginia's circuit courts and Supreme Court of Appeals.

This is a family matter to be best resolved by the D.C. Family Court, where the adoption proceedings originated and were subsequently vacated (rendering the present issues presented moot), and/or the circuit courts of West Virginia, should any circumstances change which may justify a modification of custody orders. When this Court is without subject matter jurisdiction, as

---

VIRGINIA STATE BAR, https://mywvbar.org/membership-search-members (last visited Feb. 25, 2022).
[10] *See* Roe v. Jenkins, No. 1:20-CV-140, 2020 WL 9257057, at *1 (N.D.W. Va. Aug. 5, 2020) (Aloi, J.), *report and recommendation adopted*, No. 1:20-CV-140, 2021 WL 1026524 (N.D.W. Va. Mar. 17, 2021) (Kleeh, J.).

is the case here in this custody dispute, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

Accordingly, the undersigned now **RECOMMENDS** that Plaintiff's Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County, [ECF No. 1] be **GRANTED, in part**, and that this action be **DISMISSED IN ENTIRETY AS MOOT WITH PREJUDICE** based upon the fact that the D.C. Family Court vacated the at-issue adoption decrees and all future family matters shall be handled the D.C. Family Court and/or the courts of state of West Virginia.

2.      Plaintiff's Motion for Referral for Criminal Prosecution

In a recent Order, the D.C. Family Court summarized testimony from the January 27, 2022, hearing before the Court where Defendant Stephen Upton "admitted under oath" that "Jenkins has had sole custody of the minor children since February 2018, and that he has not had in-person visitation since 2018. He also acknowledged, under oath, the existence of the West Virginia order granting Ms. Jenkins sole physical custody." [ECF No. 12-1 at 7]. The Order states,

> [t]he testimony adduced at the motion hearing on January 27, 2022 demonstration that, contrary to the misrepresentations on the adoption forms, Mr. and Mrs. Upton were never legal residents of the District of Columbia and neither had actually resided in the District of Columbia for a year preceding the filings of the Petitions. . . . it is clear to this Court that [the Uptons] intentionally concealed the interests of Ms. Jenkins in the proceedings.

[Id. at 12]. The Order further notes that these adoption forms were signed under penalty of perjury[11] on November 15, 2021. [Id. at 10]. At the January 27, 2022, motion hearing, counsel for

---

[11] Under D.C. CODE § 22-2402 et seq., "[a] person commits the offense of perjury if: . . . [i]n any declaration, certificate, verification, or statement made under penalty of perjury in the form . . . the person willfully states or subscribes as true any material matter that the person does not believe to be true and that

Caren Jenkins, Plaintiff here, moved the D.C. Family Court for sanctions and attorney's fees. The Court has permitted the parties to brief those issues separate and set a show cause hearing on March 8, 2022 at 11:00 A.M. [Id. at 12].[12]

Indeed, under Title 18, United States Code, Section 3231, district courts have original jurisdiction to hear all criminal cases involving offenses against the laws of the United States. However, federal statutes empower the Government, not private citizens nor the undersigned, to bring criminal offenses before the Court. *See* Leeke v. Timmerman, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") ; Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The undersigned finds that the Court is bound by law to conduct an impartial review of all civil and criminal actions and does not have any authority to refer criminal cases for prosecution.[13] Moreover, this court does not have any authority over crimes conducted in the District of Columbia, Pennsylvania, or West Virginia, nor does it comment on the duties or performance of state prosecutors or refer cases to those prosecutors. *See* Health Care Just. PBC v. Huntington Bank Inc., No. 1:18-CV-125, 2018 WL 10529512, at *3 (N.D.W. Va. Nov. 6, 2018) (Aloi, J.).

Accordingly, to the extent the Plaintiff is moving this Court to refer this case for prosecution by the U.S. Attorney's Office, the undersigned **RECOMMENDS** that Plaintiff's

---

in fact is not true. . . . Any person convicted of perjury shall be fined not more than the amount set forth in § 22-3571.01 or imprisoned for not more than 10 years, or both."

[12] As of the date of entry of this Report and Recommendation, an order has not been entered by the D.C. Family Court regarding the issue of Rule 11 sanctions against the Uptons. There has been no motion for Rule 11 sanctions in the instant matter.

[13] Contact information for the various headquarters of the United States Attorney's Office for the Northern District of West Virginia is readily available to the public on their website. Contact Us, United States Attorney's Office Northern District of West Virginia, U.S. DEPT. OF JUSTICE, https://www.justice.gov/usao-ndwv/contact-us (last visited Feb. 25, 2022).

Motion, [ECF No. 12] be **DENIED, in part**.

      3.    <u>Other Pending Motions</u>

During the pendency of this case, the parties filed several other motions which are still pending before the Court: Defendant Stephen Upton's Motion to Proceed under Pseudonym and File Redacted Copies, [ECF No. 4], Defendant Stephen Upton's Motion to Vacate *Ex Parte* Temporary Injunction and Motion to Declare Full Faith and Credit, [ECF No. 5], Defendant Stephen Upton's Motion to File Orders of Adoption Ex Parte Under Seal, [ECF No. 6], Defendants' Joint Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike, [ECF No. 15], Plaintiff's Motion for Leave to File Out of Time, [ECF No. 16], and Defendants' Joint Response to ECF No. 16 and Motion to Strike, [ECF No. 17].

Consistent with the findings above, the undersigned now **RECOMMENDS** that all other pending motions, Defendant Stephen Upton's Motion to Proceed under Pseudonym and File Redacted Copies, [ECF No. 4], Defendant Stephen Upton's Motion to Vacate Ex-Parte Temporary Injunction and Motion to Declare Full Faith and Credit, [ECF No. 5], Defendant Stephen Upton's Motion to File Orders of Adoption *Ex Parte* Under Seal,[14] [ECF No. 6], Defendants' Joint Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike, [ECF No. 15], Plaintiff's Motion for Leave to File Out of Time, [ECF No. 16], and Defendants' Joint Response to ECF No. 16 and Motion to Strike, [ECF No. 17], be likewise **DENIED as moot** where this matter should be dismissed in entirety as moot, with prejudice, based upon the proceedings in the D.C. Family Court, and further, based upon the fact that this is a private family court matter inappropriate for intervention in federal court.

---

[14] The undersigned would note that the Order vacating the prior adoption decrees was filed, under seal, by Plaintiff's Counsel, as an exhibit to the Motion to Dismiss. [ECF No. 12-1].

### III.    CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** that:

- Plaintiff's Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County, [ECF No. 12], be **GRANTED**, **in part**, insofar as this action should be **DISMISSED as moot with prejudice** because the challenged adoption decrees from the D.C. Family Court have since been vacated, and further, this Court lacks subject matter jurisdiction over child custody matters within the providence of state courts;

- Plaintiff's Combined Motion to Dismiss Due to Mootness and Objection to Removal and Motion to Remand to the Circuit Court of Gilmer County, [ECF No. 12], be **DENIED, in part**, insofar as Plaintiff seeks to have this Court "refer" the matter to the U.S. Attorney's Office for prosecution;

- Defendant Stephen Upton's Motion to Proceed under Pseudonym and File Redacted Copies, [ECF No. 4], be **DENIED as moot**;

- Defendants Stephen Upton's Motion to Vacate *Ex Parte* Temporary Injunction and Motion to Declare Full Faith and Credit, [ECF No. 5], be **DENIED as moot**;

- Defendant Stephen Upton's Motion to File Orders of Adoption *Ex Parte* Under Seal, [ECF No. 6], be **DENINED as moot**;

- Defendants' Joint Response to ECF No. 12 Motion to Dismiss Due to Mootness and Motion to Strike, [ECF No. 15], be **DENIED as moot**;

- Plaintiff's Motion for Leave to File Out of Time, [ECF No. 16], be **DENIED as moot**; and

- Defendants' Joint Response to ECF No. 16 and Motion to Strike, [ECF No. 17] be **DENIED as moot**.

Any party shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 18, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE