```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CAREN JENKINS,**

    **Petitioner,**

  v.                                     **CIVIL NO. 1:22-CV-3**
                                                        **(KLEEH)**

**STEPHEN UPTON and**
**CRYSTAL UPTON,**

    **Respondents.**

## ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 21] AND DISMISSING ACTION WITH PREJUDICE

On January 10, 2022, Respondents Stephen Upton and Crystal Upton ("Respondents") removed this action from the Circuit Court of Gilmer County, West Virginia. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. Petitioner Caren Jenkins ("Petitioner") filed a motion to dismiss. On March 18, 2022, the Magistrate Judge entered an Omnibus Report and Recommendation ("R&R"), recommending that the Court grant in part and deny in part Petitioner's motion and dismiss the action with prejudice as moot.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 21] AND DISMISSING ACTION WITH PREJUDICE**

objection." It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Respondents accepted service of the R&R on April 2, 2022. On April 4, 2022, Respondents filed a motion to file out of time and also filed joint objections to the R&R. See ECF No. 23. The Court finds that Respondents' objections were timely and accepts them as filed. The motion to file out of time is **GRANTED** to the extent that it applies to the objections included therein [ECF No. 23].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Defendants object to certain of the Magistrate Judge's factual findings. Specifically, they argue that this is not a "custody dispute" but, rather, an adoption dispute. Respondents

**JENKINS V. UPTON**                                                 **1:22-CV-3**

**ORDER ADOPTING OMNIBUS REPORT AND RECOMMENDATION IN PART [ECF NO. 21] AND DISMISSING ACTION WITH PREJUDICE**

argue, as they have throughout the case and in related litigation, that Petitioner is not the mother of Stephen Upton's children. She is, rather, "a biological stranger gestational surrogate who carried Stephen Upton's children to birth pursuant to a gestational surrogacy contract."  Respondents argue that this case is about full faith and credit and the Equal Protection Clause.  Respondents object to the Court's decision not to rule on other motions in the case.  Finally, Respondents argue that the case should have been dismissed without prejudice.

Importantly, as the Magistrate Judge noted, both parties are in agreement that the case is moot due to the D.C. Family Court's vacating the order that prompted this litigation.  For this reason, and after careful review of the record, the Court **GRANTS IN PART** Petitioner's motion to dismiss [ECF No. 12] to the extent that she requests that the Court dismiss this action as moot.  For the reasons articulated by the Magistrate Judge, and noting no objection by the parties, Court **DENIES IN PART** the motion to dismiss to the extent that it asks the Court to refer this action to the United States Attorney's office.  This action is **DISMISSED WITH PREJUDICE AS MOOT** and **STRICKEN** from the Court's active docket.  The R&R [ECF No. 21] is **ADOPTED** to the extent consistent with this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Respondents via certified mail, return receipt requested.

DATED: September 30, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA